UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BRANDON J. FRANZE, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:24-CV-240-DRL-SLC |
| BRANDON CAPPER *et al.*, | |
| Defendants. | |

OPINION AND ORDER

Brandon J. Franze, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Franze alleges that, on July 16, 2021, Officer Brandon Copper pulled him over. Officer Copper said that Mr. Franze didn't use his turn signal. Mr. Franze was cuffed and his vehicle was searched. According to the complaint, Officer Copper found a baggie containing a vape with a brown substance on it that he believed to be heroin. The substance field tested negative, and Mr. Franze said it was just mud from his job site. Officer Copper called Jimmy Heflin and sent him pictures of the baggie, and Mr. Franze was arrested for possessing heroin. Three months later, after lab testing confirmed that

the substance was not heroin, Blackford County Circuit Judge Nick Barry dismissed the charges. Mr. Franze lost his car, his job, and custody of his child due to the arrest.

As an initial matter, "[a] judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Because the doctrine of judicial immunity applies, Mr. Franze can't proceed against Blackford County Circuit Judge Nick Barry.

Unreasonable searches and seizures are prohibited by the Fourth Amendment. *Young v. City of Chicago*, 987 F.3d 641, 644 (7th Cir. 2021). However, not all warrantless seizures or searches are considered unreasonable. For example, "[a] limited intrusion into an individual's privacy is permitted under the Fourth Amendment [when] the police have reasonable suspicion to believe criminal activity is afoot." *United States v. Richmond*, 924 F.3d 404, 411 (7th Cir. 2019) (citing *Terry v. Ohio*, 392 U.S. 1, 30 (1968)). Such reasonable suspicion "permits the officer to stop the person for a brief time and take additional steps to investigate further." *Hiibel v. Sixth Jud. Dist. Ct. of Nevada, Humboldt Cty.*, 542 U.S. 177, 185 (2004). Reasonable suspicion must be evaluated based on the totality of the circumstances, and it "requires more than a hunch but less than probable cause[.]" *Id.* at 411 (citation omitted).

Furthermore, it is well-settled that "[p]robable cause is an absolute defense to any claim under § 1983 for wrongful arrest or false imprisonment." *Bailey v. City of Chicago*,

2

779 F.3d 689, 694 (7th Cir. 2015); *see also Norris v. Serrato*, 761 Fed. Appx. 612, 615 (7th Cir. 2019) (the existence of probable cause precludes § 1983 claims "for an allegedly unreasonable seizure, whether a false arrest or a wrongful pretrial detention"). "Police officers have probable cause to arrest an individual when the facts and circumstances within their knowledge and of which they have reasonably trustworthy information are sufficient to warrant a prudent person in believing that the suspect had committed an offense." *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006) (quotations and citations omitted); *see also Whitlock v. Brown*, 596 F. 3d 406, 411 (7th Cir. 2010) ("[P]robable cause is a common-sense inquiry requiring only a probability of criminal activity; it exists whenever an officer or a court has enough information to warrant a prudent person to believe criminal conduct has occurred.").

Here, Mr. Franze alleges that he was unlawfully stopped, searched, and arrested, but he does not explain what he believes was unlawful about the stop, search, or arrest. "Police can stop an automobile when they have probable cause to believe that the driver violated even a minor traffic law." *United States v. McDonald*, 453 F.3d 958, 960 (7th Cir. 2006); *Williams v. Brooks*, 809 F.3d 936, 942 (7th Cir. 2016). Mr. Franze's allegations against Officer Copper and Jimmy Heflin are far too vague to state a claim.[1]

If Mr. Franze believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in

---

[1] Mr. Franze's only allegation against Jimmy Heflin is that Officer Copper called him and sent him pictures of the baggie and vape, and that following this, Mr. Franze was arrested.

early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Brandon J. Franze until **July 19, 2024**, to file an amended complaint; and

(2) CAUTIONS Brandon J. Franze that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

June 24, 2024                                  *s/ Damon R. Leichty*
                                               Judge, United States District Court