SCANNED at BCF and Emailed on
4/9/24 by PM - 17 pages.
(date) (initials) (num)

USDC IN/ND case 1:24-cv-00240-DRL-SLC   document 21   filed 08/09/24   page 1 of 7

# UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF INDIANA

BRANDON J. FRANZE

    Plaintiff

v.

BRANDON CAPPER, JIMMY HEFLIN,

NICK BERRY

    Defendants

Case No. 3:23-cv-00162-RLY-CSW

## AMENDED PRISONER COMPLAINT

| # | Defendant's Name and Job Title | Work Address |
|---|---|---|
| 1 | BRANDON CAPPER<br>Hartford City Police Department | |
| 2 | JIMMY HEFLIN<br>Blackford County Sheriff Deputy | |
| 3 | NICK BERRY | |

1. How many defendants are you suing? 3

2. What is the name and address of your prison or jail? Branchville Correctional Facility, 21390 Old State Road 37, Branchville, IN 47514

3. Did the event you are suing about happen there? No, it happened at: Blackford County, Indiana 47348

4. On what date did this event occur? On or about the 16th day of July, 2021

## CLAIMS AND FACTS

### INTRODUCTION

1. This lawsuit concern's Plaintiff's unlawful seizure of his person, vehicle and other personal property in violation of the Fourth Amendment of the United States Constitution and Article 1, § 11 of the Constitution of the State of Indiana against Illegal Search and Seizure

### JURISDICTION

2. Plaintiff brings this lawsuit pursuant to 42 U.S.C. § 1983. This Court has jurisdiction under 28 U.S.C. §§ 1331 & 1343.

### VENUE

3. Venue is proper in the Northern District of Indiana, pursuant to 28 U.S.C § 1391(b), which allows for an action to be brought in the district where the Defendants reside or in which the cause of action arose. This cause of action arose in Blackford County, Indiana, which is in the Northern District of Indiana. The defendants are employed in Blackford County.

4. This lawsuit arises under 42 U.S.C. § 1983 to redress the deprivation of rights, privileges and immunities secured by the United States Constitution.

5. This court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

### FACTS

6. All of the above descriptions of the various defendants, and the introduction, are incorporated by reference as facts.

7. All of the Defendants were State actors.

8. All of the Defendants were acting under the color of State law.

9. All of the Defendants held a position for which duties are prescribed.

10. There was insufficient justification to detainment and arrest the Plaintiff's person, vehicle and other personal property.

11. There was insufficient justification to detain and arrest the Plaintiff.

12. The Plaintiff was employed by Ames Construction as a heavy equipment operator at the time of the incident.

13. Plaintiff was driving a 1998 Honda Civic ("Civic") at the time of the incident.

14. On or about the 16th day of July, 2021, Plaintiff was driving through Hartford City, Indiana ("Hartford City") on his way home from work.

15. Danny Cusion ("Cusion") was a passenger in Plaintiff's vehicle at the time of the incident.

16. Plaintiff made a stop at Low Bob's, a gas station located on Highway 3 in Hartford City to purchase a Vape pen.

17. After purchasing the Vape pen, Plaintiff got back into his Civic and continued his journey home.

18. As the Plaintiff was leaving the parking lot of Low Bob's, he took a left turn, using his turn signal, that lead down an alleyway where he took another left turn, once again using his turn signal, at the end of the alley on to Van Clieve.

19. Plaintiff then came to a complete stop at a traffic light and used his turn signal to indicate that he was going to make a right turn from Van Clieve south on to High Street.

20. After turning on to High Street, Plaintiff accelerated to the posted speed limit on High Street.

21. At this time, the Plaintiff witnessed a Hartford City Police vehicle come to a complete stop in the middle of Highway 3.

22. Plaintiff then observed said police vehicle make an aggressive U-turn in the middle of Highway 3 into heavy traffic and begin to accelerate at a very high rate of speed in the same direction that he was driving.

23. The police vehicle aggressively pulled up behind the Plaintiff, and the Plaintiff was afraid that the police vehicle was going to ram him.

24. At approximately 5 p.m., Defendant Brandon Capper ("Capper") pulled the Plaintiff over for allegedly not using a turn signal when turning onto High Street.

25. During the stop, Capper received a call from Defendant Jimmy Heflin ("Heflin") stating that the Plaintiff was on Parole through Wells County and wanted him to be searched.

26. Capper asked the Plaintiff if he was ok with being searched, to which the Plaintiff stated that he would consent to a search by his Parole Officer for fear of being unjustly searched do to past history with the police and sheriff departments.

27. Capper denied the request by the Plaintiff to have his Parole Officer do the search.

28. During the search of his car, Plaintiff was told to stand at the back of his car with two other Hartford City police officers that arrived.

29. A search of Plaintiff's car was done and nothing illegal was found.

30. After the search of Plaintiff's car, a search of his person was done.

31. During the search of Plaintiff's person, Capper pulled a bag that said "Smock Vape" from Plaintiff's pants pocket that had a brown substance on it.

32. Plaintiff was then placed in to mechanical restraints.

33. Capper told the Plaintiff that he was going to do a field test on the brown substance to see if it was an illegal substance or not.

34. Capper asked the Plaintiff if the brown substance was drugs several times.

35. Plaintiff told Capper that the brown substance was mud from his job site each time he was asked if it was drugs.

36. Capper proceeded to field test the brown substance 4 to 5 times with the test resulting in a negative result each time.

37. Capper then stated to the Plaintiff that he was "done for", that he was a liar, he knew that the brown substance was heroine and told him that he was under arrest.

38. Capper told Plaintiff that he had taken pictures of the bag and sent it to several other law enforcement officers and that they all believed that it was heroine.

39. Capper told the Plaintiff that Heflin had told him to arrest the Plaintiff for Level 5 Possession of Heroin.

40. Plaintiff's car was towed.

41. Plaintiff was booked into the Blackford County Jail for Level 5 Possession of Heroin and held without bond.

42. While the Plaintiff was in jail, Nick Berry had the bag with the brown substance on it sent off to the Indiana State Lab for testing.

43. The State Lab tested the bag and it tested negative for any illegal substance.

44. The State Lab told Capper that the brown substance was mud.

45. Capper then told the State Lab to test it again.

46. Again, the brown substance tested negative for an illegal substance.

47. Plaintiff hired an attorney to represent him in the criminal proceedings.

48. From July 16, 2021 to October 20, 2021, 98 days, Plaintiff remained in the Blackford County Jail before the charges were dropped.

49. During this time, Plaintiff lost his job, his car, his house, and parental rights to his child.

50. Plaintiff's car was "smashed" by the tow company.

## RELIEF

51. Plaintiff prays that this Honorable Court **GRANT** the following relief and damages:

   a) Payment to replace his car;

   b) Compensation of lost wages from losing his job while waiting in jail;

   c) Compensation for attorney fees pertaining to the criminal proceedings;

   d) Compensatory Damages: $700,000.00

   e) Punitive Damages: $250,000.00


When did this event happen?
- ☒ Before I was confined.
- ○ While I was confined awaiting trial.
- ○ After I was convicted while confined serving the sentence.
- ○ Other: _____

5. Have you ever sued anyone for this exact same event?
- ☒ No.
- ○ Yes, attached is a copy of the final judgment OR an additional sheet listing the court, case number, file date, judgment date, and result of the previous case(s).

6. Could you have used a prison grievance system to complain about this event?  ○ No, this event is not grievable at this prison or jail.
- ○ Yes, I filed a grievance and attached is a copy of the response from the final step.
- ○ Yes, this event was grievable, but I did not file a grievance because _____


7. If you win this case, what do you want the court to order the defendant(s) to do? [NOTE: A case filed on this form will not overturn your conviction or change your release date.] [*Initial Each Statement*]

_[initialed]_ I will pre-pay the filing fee OR file a prisoner motion to proceed in forma pauperis.

_[initialed]_ I will keep a copy of this complaint for my records.

_[initialed]_ I will promptly notify the court of any change of address.

_[initialed]_ I WILL NOT send more than one copy of any filing to the court.

_BF_ I <u>WILL NOT</u> send summons, USM-285, or waiver forms to the clerk.

_BF_ I declare **under penalty of perjury** that the statements in this complaint are true.

I placed this complaint in the prison mail system on __8__/__9__/20__24__ at __9:50__ am/pm.

*[Do not fill in this date and time until you give the complaint to prison officials to send to the court.]*

_____        __246156__
Signature                                                                       Prisoner Number